PREMILLA MILLER *vs.* GEORGE B. BOYDEN.

PROVIDENCE—FEBRUARY 27, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Pleading and Practice at Law.*

Within the meaning of Gen. Laws R. I. cap. 238, § 9, only demurrers which raise the question whether the plaintiff, upon the state of facts pleaded, is entitled to recover are to be certified to the Appellate Division. Those which relate to errors of form curable by amendment are to be retained and acted upon in the Common Pleas Division.

(2) *Pleading and Practice. Negligence.*

Declaration averred that it was the duty of defendant, the owner of a public resort, to keep the walk to a certain outbuilding in safe condition ; that defendant neglected to remove a certain obstruction and neglected to place proper signs of warning of the dangerous condition of the walk. On demurrer alleging that the negligence was not set forth with sufficient certainty, and that it did not appear that defendant was under any obligation to place signs of warning :—

*Held,* that an amendment to the declaration or a bill of particulars would answer the first objection, and that the allegation of failure to post notices was mere surplusage.

TRESPASS ON THE CASE for negligence. The declaration averred that it was the duty of defendant, the owner of a public resort, to keep the walk to a certain outbuilding in safe condition ; that defendant neglected to remove a certain obstruction and neglected to place proper signs of warning of the dangerous condition of the walk. Defendant demurred, alleging that the negligence was not set out with sufficient certainty, and that it did not appear that defendant was under any obligation to place signs of warning. Heard on demurrer, and demurrer overruled.

PER CURIAM. This case is certified from the Common Pleas Division for hearing upon a demurrer to the declaration under the provisions of Gen. Laws R. I. cap. 238, § 9.

(1) It is there provided that all demurrers which in the opinion of the justice sitting in chambers are formal, or which

do not go to the substance of the cause, shall be disposed of by said justice with power to grant amendments.

Under the statute demurrers are divided into two classes:

First, those which go to the substance of the cause; that is, which, admitting the facts stated in the declaration to be well pleaded in form, raise the question whether the plaintiff, upon that state of facts, is entitled to recover. Such a demurrer supposes that the plaintiff has stated his whole cause of action; not that he has failed to set it out with sufficient clearness or that he has coupled with it irrelevant matter. A demurrer of this character, the decision of which may be decisive of the case, the statute provides shall be sent to the Appellate Division for hearing. All other demurrers which raise objections which relate to omissions or redundancies of expression, or lack of formal precision in statement, or to other errors of form which may be cured by amendment, are to be retained and acted on by the justice of the Common Pleas Division.

(2) The special causes of demurrer here raised are, first: That the obstacle in the path is not sufficiently described. An amendment to the declaration or a bill of particulars would answer this objection. Secondly: That it does not appear that it was the duty of the defendant to post notices of the obstruction. It is quite apparent that the gist of the action is not the neglect to post notices, but the maintaining of an obstruction in the pathway in such circumstances as to constitute it a danger to passers-by. The allegation of failure to post notices is mere surplusage. Neither of the objections raised goes to the substance of the cause.

The case will be remanded to the Common Pleas Division for further proceedings.

*A. A. McCaughin*, for plaintiff.

*Van Slyck & Mumford*, for defendant.